DAVID L. PRINCE, ESQ., #113599
1912 East Vernon Avenue, Suite 100
Los Angeles, California 90058

Tel. 323/234-2989 Fax. 323/234-2619

Attorney for Defendants

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>INTERNATIONAL GOURMET FISHERIES, INC., a California corporation; MPI FISHERIES IMPORTS, INC., a California corporation; MPI FISHERIES, INC., a California corporation; RED CHAMBER CO., a California corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.: CV10 4704 ODW (Rcx)<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br><br>IN ADMIRALTY |

**COME NOW**, Defendants, **International Gourmet Fisheries, Inc.**, a California corporation; **MPI Fisheries Import, Inc.**, a California corporation; **MPI Fisheries, Inc.**, a California corporation; **Red Chamber Co.**, a California corporation, hereinafter collectively referred to as "Defendants", answers Plaintiff's First Amended Complaint for money due under tariff,

1
Answer to First Amended Complaint

breach of contract, work of labor performed and account stated as follows:

    1. Defendants admit the allegations contained in paragraph 1.

    2. Defendants admit that Plaintiff is engaged in interstate and foreign commerce, but does not admit that such interstate and foreign commerce was done for the sole benefit of each Defendant.

    3. Defendants admit they are valid corporations organized and existing under the State of California. Defendants deny generally and specifically the allegations contained in paragraph 3 that they are the agent and alter ego of each remaining defendant.

    4. Defendants deny generally and specifically the allegations contained in paragraph 4 of the complaint.

    5. Defendants deny generally and specifically the allegations contained in paragraph 5 of the complaint.

    6. Defendants lack sufficient information and belief enabling them to answer the allegations contained in paragraph 6 of the complaint and based on such lack of information and belief, deny generally and specifically each and every allegation contained in paragraph 6 of the complaint.

    7. Defendants admit the allegations contained in paragraph 7.

    8. Defendants lack sufficient information and belief enabling them to answer the allegations contained in paragraph

1 | 8 of the complaint and based on such lack of information and
2 | belief, deny generally and specifically each and every
3 | allegation contained in paragraph 8 of the complaint.
4 |     9.  Defendants admit that from time to time, Plaintiff
5 | would transport cargo for the benefit of some, but not all of
6 | the Defendants as set forth in paragraph 9.
7 |     10.  Defendants deny each and every allegation contained in
8 | paragraph 10.
9 |     11.  Defendants admit that Plaintiff has made a demand upon
10 | Defendants for payment of $11,450.52 as alleged in paragraph 11.
11 | Except as expressly admitted, Defendants deny that any amount as
12 | so demanded is owed.
13 |     12.  Defendants deny generally and specifically each and
14 | every allegation contained in paragraph 12.
15 |     13.  Defendants deny generally and specifically each and
16 | every allegation contained in paragraph 13.
17 |     14.  Defendants deny generally and specifically each and
18 | every allegation contained in paragraph 14.
19 |     15.  Defendants deny generally and specifically each and
20 | every allegation contained in paragraph 15.
21 |     16.  Defendants deny generally and specifically each and
22 | every allegation contained in paragraph 16.
23 |     17.  Defendants deny generally and specifically each and
24 | every allegation contained in paragraph 17.
25 |     18.  Defendants deny generally and specifically each and
26 | every allegation contained in paragraph 18.

3
Answer to First Amended Complaint

19. Defendants deny generally and specifically each and every allegation contained in paragraph 19.

20. Defendants deny generally and specifically each and every allegation contained in paragraph 20.

21. Defendants deny generally and specifically each and every allegation contained in paragraph 21.

22. Defendants deny generally and specifically each and every allegation contained in paragraph 22.

23. Defendants deny generally and specifically each and every allegation contained in paragraph 23.

24. Defendants deny generally and specifically each and every allegation contained in paragraph 24.

25. Defendants deny generally and specifically each and every allegation contained in paragraph 25.

26. Defendants deny generally and specifically each and every allegation contained in paragraph 26

27. Defendants deny generally and specifically each and every allegation contained in paragraph 27.

28. Defendants deny generally and specifically each and every allegation contained in paragraph 28.

29. Defendants deny generally and specifically each and every allegation contained in paragraph 29.

30. Defendants deny generally and specifically each and every allegation contained in paragraph 30.

**FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff has failed to allege sufficient facts to

constitute a claim for alter ego and thus, based upon such lack of facts, a claim for alter ego cannot be established by Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

32. Any performance of Defendants, and each of them, has been excused by reason of a novation. One or more of the Defendants made an approved payment to Plaintiff to satisfy the amounts demanded. Defendants are informed and believes and thereupon allege that the agreed payment was made and the amount claimed by Plaintiff herein have therefore been discharged by reason of a novation. Such novation came in form of a settlement between Plaintiff and some of the Defendants. Plaintiff agreed to accept the performance of such partial performance in the full and complete discharge of the amounts claimed in this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

33. Defendants are excused by reason of an accord and satisfaction. Plaintiff alerted some of the Defendants that amounts were claimed for detention and over time. After review of the claims, some of the Defendants arranged with Plaintiff for a partial payment to discharge all of the claims for detention and over time. Defendants are informed and believe and thereupon allege that the partial payment was made and accepted by the Plaintiff but Plaintiff thereafter assigned this claim for collection to a collection agency and failed to advise the collection agency that a settlement had been reached. As a

result, the accord and satisfaction bars Plaintiff's further prosecution of this claim.

WHEREFORE, Defendants and each of them pray for judgment as follows:

1. That the complaint be dismissed;
2. That Plaintiff take nothing by reason of its complaint;
3. For reasonable attorney's fees incurred herein;
4. For cost of suit herein incurred;
5. For such other and further relief the Court deems proper and just.

Dated:  August 25, 2010

          /s/
**DAVID L. PRINCE, Cal Bar 113599**
**Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of California that on the 25th day of August 2010, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following person(s):

Dawn M. Coulson, Esq.
Email: dcoulson@eyclaw.com

Jeffrey A. Cohen, Esq.
Email: jcohen@eyclaw.com

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct. Executed on 25th day of August 2010 at Los Angeles, CA.

/s/ David L. Prince
David L. Prince, Esq.
1912 E. Vernon Ave. #100
Los Angeles, CA 90058
323-234-2989 tel.
323-234-2619 fax
DLP@redchamber.com email

2
Answer to First Amended Complaint